UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61527-CIV-DIMITROULEAS/SELTZER

MARINA BARBOZA, on behalf of herself and as
heir of the deceased, Candido Jose Mendez,
MAIRA MARLENE MENDEZ BARBOZA,
on behalf of herself and as heir of
the deceased, Candido Jose Mendez, and
RAFAEL MENDEZ BARBOZA,
on behalf of himself and as heir of
the deceased, Candido Jose Mendez,

     Plaintiffs,

v.

DRUMMOND COMPANY, INC., and
DRUMMOND LTD., an Alabama limited partnership,

     Defendants.
_____/

**PLAINTIFFS' RESPONSE AND MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND
REQUEST FOR TRANSFER TO THE NORTHERN DISTRICT OF ALABAMA**

    Plaintiffs Marina Barboza, Maira Marlene Mendez Barboza, and Rafael Mendez Barboza (hereinafter, "Plaintiffs") hereby respond in opposition to Defendant Drummond Company, Inc.'s Motion to Dismiss Plaintiffs' Second Amended Complaint and Incorporated Memorandum of Law (hereinafter, "Motion to Dismiss"), request transfer to the Northern District of Alabama, and in support thereof state as follows:

**INTRODUCTION AND BACKGROUND**

    Plaintiffs initiated the instant matter on October 10, 2006, against Defendants for their involvement in the death of Candido Jose Mendez, Plaintiffs' husband and father. Candido Jose Mendez was a Colombian union member, working for Defendant

Drummond Ltd. in its Colombian plant.  Plaintiffs allege, among other things, that he died as a result of Drummond Defendants' support of the paramilitaries in Colombia in and around their business operations.

Defendant Drummond Company, Inc., is an Alabama corporation engaged in the business of mining and shipping of coal.  Defendant Drummond Ltd. is an Alabama limited partnership and manages the daily operations of their coal operations in Colombia.  As pled in their complaints, Plaintiffs alleged that Defendant Drummond Company, Inc. was responsible for the acts of its subsidiary, Defendant Drummond Ltd., by way of either an alter ego or agency relationship.  Thus, Plaintiffs alleged that both Drummond Defendants were responsible for the murder of Candido.

Originally, Plaintiffs brought multiple causes of action against Defendants, including claims for relief under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("ATCA"), the Torture Victims Protection Act, 28 U.S.C. § 1350 ("TVPA"), and various common law claims.  In response, Defendants filed a lengthy Joint Motion to Dismiss [D.E. #15] arguing, among things, that Plaintiffs' Complaint should be dismissed based on *forum non conveniens*, lack of subject matter jurisdiction, and the matter involved a nonjusticiable political question.  Although Plaintiffs filed a Response [D.E. #20] and Defendants a Reply [D.E. #23], Plaintiffs exercised their right to amend their complaint under Rule 15, Fed.R.Civ.P., dropping their original causes of action to substitute for a single cause of action under the ATCA for providing material support to a terrorist organization. D.E. #25.  On March 26, 2007, the Court entered an Order denying Defendants' Motion to Dismiss as moot based on Plaintiffs' Amended Complaint.  D.E. #27.

Thereafter, on April 4, 2007, Drummond Defendants filed two motions to dismiss [D.E. #28 and 29] presenting arguments similar to those presented in their Joint Motion to Dismiss. On July 16, 2007, after full briefing by the parties, the Court entered its Order Granting Defendant's Motion to Dismiss. DE #39. Importantly, the Court found that there was no agency relationship between Drummond Company, Inc. and Drummond Ltd.[1] Therefore, Plaintiffs' theory that Defendant Drummond Company, Inc. was responsible for Defendant Drummond Ltd.'s actions in Colombia was rejected. The Court further found that it did not have personal jurisdiction over Defendant Drummond Ltd. dismissing it as a party Defendant.[2] Also, the Court gave Plaintiffs thirty days to file a Second Amended Complaint.

On July 30, 2007, Plaintiffs filed their Second Amended Complaint [D.E. #40] restating their claim under the ATCA for extrajudicial killing and amending their claim under the ATCA for providing support to a foreign terrorist organization. Plaintiffs included their extrajudicial killing count in their original Complaint but later made a strategic decision to drop it in their Amended Complaint.

Plaintiffs' claims primarily concern Defendant Drummond Ltd.'s actions in Colombia. As established in their complaints, Plaintiffs alleged that Drummond

---

[1] As previously detailed in Plaintiffs' responses to Defendants' motions to dismiss, there are related actions in the Northern District of Alabama which are currently on appeal. In *Romero v. Drummond Company, Inc.*, Case No. CV-03-BE-0575-W, the Northern District, granted, in part, Drummond Defendants' motion for summary judgment as to Drummond Company, Inc., finding that "[p]laintiffs also have not convinced the court that it should pierce the corporate veil, or that any other theory of corporate liability exists for asserting these claims against Drummond Company, Inc." A copy of the Order was attached as Exhibit "A" to Plaintiffs' Omnibus Response [D.E. #34] to Defendants' motions to dismiss. However, the Northern District denied Drummond Defendants' motion for summary judgment as to the aiding and abetting an extrajudicial killing under the ATCA against Drummond Ltd.

[2] As a result of the Court's non-final dismissal of Defendant Drummond Ltd. for lack of personal jurisdiction, Plaintiffs can re-file suit in the Northern District of Alabama where Defendant Drummond Ltd. is amenable to suit. *See also* Rule 41(b), Fed.R.Civ.P., ("[A] dismissal under this subdivision and any dismissal not provided for in this rule, **other than a dismissal for lack of jurisdiction**, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication on the merits.") (emphasis added).

3

Company, Inc. was responsible by way of its alter ego/agency relationship with Defendant Drummond Ltd.  However, the Court rejected this argument and dismissed Defendant Drummond Ltd. for lack of personal jurisdiction.  So, without Defendant Drummond Ltd. in this action, Plaintiffs are unable to advance their claims for the death of Candido Jose Mendez.  Consequently, Plaintiffs seek transfer to the Northern District of Alabama.[3]  As will be shown herein, transfer is appropriate under the circumstances as it will allow Plaintiffs to litigate their claims against Defendant Drummond Ltd., the defendant who conducted business in Colombia.

Furthermore, Plaintiffs are permitted to re-plead their cause of action previously raised in their original Complaint. In its Motion to Dismiss, Defendant Drummond Company, Inc. argues that Plaintiffs are not permitted to include their extrajudicial killing count as it was previously dropped and Plaintiffs expressed to the Court that the actions of the Columbian government are "not pertinent to this litigation."  D.E. #34 at 10.  Also, Defendant accuses Plaintiffs of "obvious and audacious pleading antics," "vexatious pleading," "fast and loose pleadings," "gamesmanship," and other bad faith tactics. D.E. #45 at 2, 8, and 20.  Plaintiffs dispute these accusations.  Plaintiffs admit their decision to drop their original claims was strategic and not made in an effort to delay litigation, frustrate Defendants, or for any other bad faith purpose.  As a result, Plaintiffs should not be punished for a strategic decision.  *See Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292, 1303 n.8 (S.D. Fla. 2002) ("[T]he court will not sacrifice its time, resources, and overall considerations of judicial economy to 'punish' Meterlogic for its misguided strategic decisions.")

---

[3]  On September 21, 2007, pursuant to S.D. Fla. L.R. 7.1A.3, counsel for Plaintiffs contacted counsel for Defendants to see whether Defendants objected to Plaintiffs' transfer request.  Defendants' counsel noted they object to transfer.

4

Nevertheless, Plaintiffs seek to clarify their previous assertion. Under the original Complaint, the conduct of the Colombian government was pertinent to the litigation as Plaintiffs were required to show state action.[4] However, under Plaintiffs' Amended Complaint, the conduct of the Colombian government was not important. Plaintiffs' claim for violation of international law rested primarily on the International Convention for the Suppression of the Financing of Terrorism and other related anti-terrorism laws. As explained in *Almog v. Arab Bank, PLC*, 471 F. Supp. 2d 257 (E.D.N.Y. 2007), these statutes do not require a showing of state action. The Eastern District of New York stated:

> Finally, that defendant is a private entity not acting under color of state law does not affect its liability. *See generally Sosa,* 542 U.S. at 732 n. 20, 124 S.Ct. 2739. The rule against genocide and crimes against humanity is enforceable against non-state actors. *Kadic*, 70 F.3d at 239-44 (discussing liability of non-State actors for genocide and war crimes but not for torture and summary execution). The third international norm alleged to have been violated here, the prohibition of suicide bombings and other murderous attacks on civilians designed to intimidate or coerce a civilian population, also creates responsibility without regard to whether the actions are taken under color of state law….There is no sound reason that a state action requirement be imposed on this norm any more than one is imposed on the genocide and crimes against humanity norms. Neither the Bombing Convention, the Financing Convention nor the other sources of international law which give rise to this norm require state action. *Cf. Kadic*, 70 F.3d at 243 (noting that the international law sources prohibiting torture define torture to require actions performed by State officials or under color of law.).

Id. at 293. In retrospect, Plaintiffs should have kept their claim for extrajudicial killing in their Amended Complaint so as to present all claims.

In light of Defendant Drummond Ltd.'s absence from this case, Plaintiffs

---

[4] As argued in Plaintiffs' Corrected Response [DE #21 at 8] to Defendants' Motion to Dismiss [DE #15], Plaintiffs alleged state action for purposes of a motion to dismiss. Plaintiffs pointed to the related cases of *Estate of Rodriquez* and *Romero* in the Northern District of Alabama where the Court ruled that the plaintiffs adequately alleged state action.

respectfully request transfer to the Northern District of Alabama. As detailed above, Plaintiffs cannot proceed with Drummond Ltd. as a party defendant. In addition, Plaintiffs concede that Defendant Drummond Company, Inc. should be dismissed from this case.

## ARGUMENT

### I. TRANSFER TO THE NORTHERN DISTRICT OF ALABAMA IS APPROPRIATE UNDER THE CIRCUMSTANCES.

Without Drummond Ltd. as a party defendant, Plaintiffs' action cannot proceed. As a result, continued litigation of this matter in this district would be futile. So, Plaintiffs request transfer to the Northern District of Alabama where Drummond Ltd. is incorporated and amenable to suit.

#### A. *Meterlogic, Inc. v. Copier Solutions*

In *Meterlogic, Inc. v. Copier Solutions, Inc.*, 185 F. Supp. 2d 1292 (S.D. Fla. 2002), the Court was faced with circumstances similar to those in the instant matter. The plaintiffs filed suit against two corporate defendants and three of their corporate parents. *Id*. at 1294. The corporate parent defendants moved to dismiss the matter based on lack of personal jurisdiction which the Court granted. *Id*. at 1295. After the corporate parent defendants were dismissed, the plaintiff learned that the remaining subsidiary defendants were insolvent. *Id.* As a result, the plaintiffs moved to transfer the case to Missouri where the corporate parents were incorporated. *Id*. Initially, the Court denied transfer on the basis that the plaintiff "…had not established an agency relationship between the corporate parents and defendants sufficient to pierce the corporate veil." *Id*. at 1296.

After engaging in discovery, plaintiffs filed a second amended complaint which altered the theories of their case, including allegations that the corporate parent

6

defendants had more direct involvement in the action. *Id*. at 1297. The plaintiffs again moved to transfer their case to the Missouri where it had re-filed its suit against the corporate parent defendants. *Id*. at 1298. Plaintiffs argued that allowing the case to proceed in Florida would be futile as the subsidiary defendants were insolvent and plaintiffs would be forced to file an additional action in Missouri to enforce any future judgment. *Id*. After analyzing the § 1404(a) factors, the Court found that "...it is in the interest of justice to transfer this case at the present time to the Western District of Missouri for a complete disposition of all facts and legal issues by one court." *Id.* at 1305.

Just as in *Meterlogic*, further proceedings here against Defendant Drummond Company, Inc. would also be futile. Plaintiffs' claims concern the conduct of Drummond Ltd. As the Court has dismissed Drummond Ltd. from this action and determined that Plaintiffs did not pierce the corporate veil as to Drummond Company, Inc., further litigation here is meaningless. So, transfer to Alabama is appropriate at this time.

As will be shown below, Alabama is a more convenient forum for Defendants and Plaintiffs. As a result, the Court should transfer this matter to Alabama.

### B.   Transfer Under 28 U.S.C.A. § 1404(a)

Application of the transfer factors shows that Alabama is a more convenient forum to litigate this case. 28 U.S.C. § 1404(a) and (b) state:

> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.
>
> (b) Upon motion, consent or stipulation of all parties, any action, suit or proceeding of a civil nature or any motion or hearing thereof, may be transferred, in the discretion of the court, from the division in which pending to any other division in the same district. Transfer of proceedings

> in rem brought by or on behalf of the United States may be transferred under this section without the consent of the United States where all other parties request transfer.

Two questions are presented under § 1404(a) analysis. "First, the court must consider whether the 'action might have been brought' in the proposed transferee court and second, whether various factors are satisfied so as to determine if a transfer to the transferee forum is more convenient and just." *Cellularvision Tech. & Telecomms, L.P. v. Cellco P'ship*, 2006 WL 2871858, *2 (S.D. Fla. 2006), *citing Meterlogic*, 185 F. Supp. 2d at 1299.

First, it is undisputed that this action could have been brought in Alabama. Drummond Ltd. is incorporated in Alabama and conducts business operations in Alabama.[5] Second, the transfer factors favor the Northern District of Alabama of this forum. In determining whether transfer is warranted, courts consider several factors, including:

> (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to obtain the presence of unwilling witnesses; (5) the cost of obtaining the presence of the witnesses; and, (6) the public interest.

*Jewelmasters, Inc. v. May Dep't Stores Co.*, 840 F. Supp. 893, 895 (S.D. Fla. 1993). These factors and others applicable to the instant action show that this matter should be transferred to the Northern District of Alabama.

### 1. Convenience of the Parties

The Northern District of Alabama is a more convenient forum for Drummond Ltd. as it is incorporated and conducts business in Alabama. As such, it will be more convenient for Drummond Ltd. to litigate in Alabama. *See Meterlogic,* 185 F. Supp. 2d

---

[5]  As referenced in the background section, both Drummond Company, Inc. and Drummond Ltd. are defending a similar case in the Northern District of Alabama.

8

at 1300 ("Because both defendants are Missouri companies with no apparent connection to Florida other than this litigation, it is clear that Missouri is the more convenient forum for this case to proceed.")

### 2. Convenience of Witnesses, Sources of Proof, and Compulsory Process

"[C]onvenience of non-party witnesses is an important, if not the most important, factor in determining whether a motion for transfer should be granted." *Cellularvision Tech. & Telecomms, L.P.,* 2006 WL 2871858 at *3; *Busselle v. Newfield Exploration Co.,* 2007 WL 209921, *1 (S.D. Tex. 2007) ("'The availability and convenience of witnesses is arguably the most important of the factors' in the § 1404 analysis.") *citing LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998). This factor also favors transfer to Alabama.

Although there are witnesses and proof located in Colombia, there are also witnesses and proof located in Alabama. Indeed, this factor favors transfer and would in fact be more of an inconvenience on Plaintiffs than Defendants. *See Meterlogic*, 185 F. Supp. 2d at 1301 ("This is not simply a case where the plaintiff, as the party requesting transfer, wished to shift the inconvenience to the defendants, the parties opposing transfer.").

### 3. Duplicative Litigation

This factor is neutral as it does not support or prohibit transfer.

### 4. Public Interest

The public interest factor favors the Northern District of Alabama. Drummond Ltd. is incorporated in Alabama and thus has contacts thereto. Thus, an Alabama jury will have a greater interest in hearing this case than a Florida jury. *See Cellularvision*

9

*Tech. & Telecomms, L.P.*, 2006 WL 2871858, *4 (S.D. Fla. 2006) ("The Southern District of Florida has no interest in adjudicating a dispute between two [parties] headquartered elsewhere, concerning a dispute centered elsewhere.").

> **II.   PLAINTIFFS ARE PERMITTED TO AMEND THEIR COMPLAINT TO INCLUDE THE PREVIOUSLY DROPPED CAUSE OF ACTION.**

Defendants argue that Plaintiffs may not revive their cause of action previously raised in their Complaint based on judicial estoppel and Plaintiffs' statement that the Colombian government's actions are "not pertinent to the litigation." Besides failing to cite a related case, Defendant's argument is misplaced. Plaintiffs are permitted to amend their complaint to include the previously raised cause of action.

As threshold matter, the rules of procedure permit a party to amend its complaint to include causes of action previously raised in prior complaints. Rule 15(c)(2), Fed.R.Civ.P., states, "[a]n amendment of a pleading relates back to the date of the original pleading when…the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence **set forth** or attempted to be set forth in the **original pleading**." (emphasis added). Here, Plaintiffs are reviving a claim previously raised in their original Complaint, so Defendants have notice of Plaintiffs' claim and cannot argue surprise or prejudice. *See Smith v. Short Term Loans, LLC*, 2001 WL 127303, *8 (N.D. Ill. 2001) ("The rationale for permitting relation back under Federal Rule 15(c) is that the defendants, because of the original complaint, are on notice of the subject matter of the dispute and will not be unduly surprised or prejudiced by the later complaint.").

Also, Plaintiffs are not judicially estopped from reviving their previous claim as

Plaintiffs' positions are not "clearly inconsistent." *Allapattah Services, Inc. v. Exxon Corporation*, 372 F. Supp. 2d 1344, 1368 (S.D. Fla. 2005). As explained above, under Plaintiffs' Amended Complaint, their legal theories changed such that state action was no longer a required element of their claim. Based on Plaintiffs' reliance of the *Almog* decision, no showing of state action was necessary. *Almog*, 471 F. Supp. 2d at 294. However, in the Second Amended Complaint, Plaintiffs exercised their procedural right to revive their previous claims which do require a showing of state action. These actions are not inconsistent. Instead, Plaintiffs chose to revive a claim which requires different proof and is subject to a different legal standard.

Admittedly, Plaintiffs' procedural tactics have been misguided. However, they should not bar Plaintiffs from reviving their original claim.

### III.  DEFENDANTS' REMAINING ARGUMENTS.

As Plaintiffs concede they were unable to show an alter-ego or agency relationship between Defendant Drummond Company, Inc. and Defendant Drummond Ltd., Defendant Drummond Company, Inc. is no longer a proper party to this action. However, this matter should be transferred to the Northern District of Alabama or Plaintiffs should be permitted to re-file this case in the Northern District of Alabama against Defendant Drummond Ltd.

### CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that the Court transfer this matter to the Northern District of Alabama or Plaintiffs be permitted to re-file this action against Defendant Drummond Ltd. in Alabama.

Dated: September 24, 2007 Respectfully submitted,
 Fort Lauderdale, FL   William J. Wichmann, FBN: 313270
  wjw@conradsherer.com
  Gregory R. Barthelette, FBN: 791296
  gb@conradscherer.com
  CONRAD & SCHERER, LLP
  633 South Federal Highway, 8th Floor
  P.O. Box 14723
  Fort Lauderdale, FL  33302
  Telephone:  954-462-5500
  Facsimile:   954-463-9244
  Attorneys for Plaintiffs

  By:  s/Gregory R. Barthelette
   William J. Wichmann
   Gregory R. Barthelette

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that on September 24, 2007, we electronically filed the foregoing document with the Clerk of Court using CM/ECF.  We also certify that the foregoing document is being served this day on all counsel of record identified on the Service List below via transmission of Notices of Electronic Filing generated by CM/ECF.

  By:  s/Gregory R. Barthelette
   William J. Wichmann
   Gregory R. Barthelette

**SERVICE LIST**

CASE NO. 06-61527-CIV-DIMITROULEAS/SELTZER

Brett A. Barfield, Esq.
George Mencio, Jr., Esq.
Holland & Knight LLP
701 Brickell Avenue, Suite 3000
Miami, FL 33131
Telephone: (305) 374-8500
Facsimile: (305) 789-7799
Email: brett.barfield@hklaw.com
george.mencio@hklaw.com
Counsel for Defendants

William J. Wichmann, Esq.
Conrad & Scherer, LLP
P.O. Box 14723
Fort Lauderdale, FL 33302
Telephone: (954) 462-5500
Facsimile: (954) 463-9244
Email: wjw@conradscherer.com
Counsel for Plaintiffs