UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-61527-CIV-DIMITROULEAS

MARINA BARBOZA, on behalf of herself
and as heir of the deceased, Candido Jose Mendez,
MAIRA MARLENE MENDEZ BARBOZA,
on behalf of herself and as heir of the deceased,
Candido Jose Mendez, and RAFAEL MENDEZ
BARBOZA, on behalf of himself and as heir of
the deceased, Candido Jose Mendez,

    Plaintiffs,

vs.

DRUMMOND COMPANY, INC., and
DRUMMOND LTD.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS**

    THIS CAUSE is before the Court upon Defendants, Drummond Company, Inc.'s Motion to Dismiss Second Amended Complaint [DE-45]. The Court has carefully considered the Motion [DE-45], Plaintiffs' Response in Opposition and Request for Transfer [DE-49], Defendant's Reply [DE-50], and is otherwise fully advised in the premises.

**I. BACKGROUND**

    On October 10, 2006, Plaintiffs, family members of deceased trade unionist and former employee of Drummond Ltd., Candido Jose Mendez ("Mendez"), filed suit against the original Defendants Drummond Company and Drummond Ltd. pursuant to the Alien Tort Claims Act for damages suffered stemming from the February 19, 2001 murder of Mendez. Drummond Company, Inc. ("DCI") is an Alabama corporation that is in the mining and coal shipping

business.  Drumond Limited ("LTD") is a wholly-owned subsidiary of DCI that manages the daily coal mining operations in Colombia.  Plaintiffs allege that Defendant's subsidiary, LTD, openly associated and conspired with known members of the paramilitary group, the United Self-Defense Forces of Colombia to silence union members, an act which directly led to the murder of Mendez, a member of the Union of Workers of the Mining and Energy Industry of Colombia ("SINTRAMIENERGETICA").

On October 10, 2006, Plaintiffs filed a Complaint in the above-styled action alleging violations under the Alien Tort Claims Act ("ATCA"), 28 U.S.C. § 1340, for extrajudicial killing and torture, the Torture Victim Protection Act, 28 U.S.C. § 1350 for extrajudicial killing and torture, wrongful death, assault, intentional infliction of emotional distress, and negligent supervision.  On March 23, 2007, Plaintiffs filed a First Amended Complaint alleging a single count against Defendants under the, for providing material support to a foreign terrorist organization resulting in death.  On April 5, 2007, both DCI and LTD filed a Motion to dismiss the Amended Complaint.  On July 16, 2007, this Court granted LTD's Motion to Dismiss for lack of personal jurisdiction, as there were not sufficient minimum contacts with the forum state.  (July 16, 2007 Order).  The Court further rejected Plaintiffs' arguments that LTD was connected to the forum by way of its relationship with DCI.  The Court found the Plaintiffs had failed to establish an agency relationship between DCI and LTD, thus there was no basis to hold DCI responsible for LTD's alleged actions.  The Court granted DCI's Motion to Dismiss for lack of subject matter jurisdiction as the Plaintiffs failed to plead a violation of the law of nations under the ATCA.  The Plaintiffs' Amended Complaint was dismissed without prejudice to refile a Second Amended Complaint to identify specific and established international law to allege a violation under the

2

ATCA.

On July 30, 2007, Plaintiffs filed a Second Amended Complaint against DCI.  In the Complaint, Plaintiffs bring the action under the ATCA for extrajudicial killing and providing material support to a foreign terrorist organization resulting in death.  Defendant filed the instant Motion to Dismiss.  Defendant argues that Plaintiffs have failed to identify an established source of international law to state a violation sufficiently under the ATCA.  Defendant DCI also argues that Plaintiffs have inappropriately reasserted a claim for extrajudicial killing that they previously abandoned.  Defendants point out that in its prior Order of July 16, 2007, this Court declined to address Defendants DCI and LTD's arguments against the state action theory of ATCA jurisdiction because the Plaintiffs had indicated in their Response that the Colombian government's actions were not pertinent to the litigation.  In addition, Defendant argues, Plaintiffs have failed to adequately plead state action.  Furthermore, the Defendant argues that Plaintiffs are again asserting the alter ego and agency allegations between DCI and LTD as the sole basis for the claims against DCI, though the Court had previously rejected those arguments and found a lack of personal jurisdiction against LTD.

## II. DISCUSSION

Defendant brings its Motion to Dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 41(b).  The Plaintiffs bear the burden of demonstrating that this matter is within this Court's subject matter jurisdiction.  See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (party invoking jurisdiction bears burden of producing necessary facts to establish subject matter jurisdiction).  This Court must dismiss a case upon determining that it lacks subject matter jurisdiction, regardless of how far the case has progressed.  See Smith v. GTE Corp., 236 F.3d

1292, 1299 (11th Cir. 2001) ("[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises."); Wascura v. Carver, 169 F.3d 683, 685 (11th Cir. 1999) ("If a district court lacks subject matter jurisdiction over a claim . . . it necessarily follows that the claim states no violation of federal law"). As Plaintiffs fail to meet their burden, as addressed below, dismissal is warranted.[1]

Plaintiffs offer no argument in response to Defendant's Motion to Dismiss. See Stephenson v. Cox, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (stating that "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case." (citing Sparrow v. United Air Lines, Inc., 1999 U.S. Dist. LEXIS 22054, at *17 (D.D.C. July 23, 1999), overruled on other grounds, 216 F.3d 1111 (D.C. Cir. 2000); Hanson v. Greenspan, 1991 WL 274267, at *3 (D.D.C. Dec. 6, 1991)). In fact, they indicate that their claims "primarily concern Defendant Drummond Ltd.'s actions in Colombia." (Plaintiff's Response, p. 3). Plaintiffs concede that Defendant Drummond Company is not a proper party to this action. (Plaintiffs' Response, p. 4; p. 6; p. 11). They indicate that "[w]ithout Drummond

---

[1] Therefore, the Court need not address the Motion to Dismiss under Rule 12(b)(6). Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The allegations of the claim must be taken as true and must be read to include any theory on which the plaintiff may recover. See Linder v. Portocarrero, 963 F.2d 332, 334-36 (11th Cir. 1992) (citing Robertson v. Johnston, 376 F.2d 43 (5th Cir. 1967)). Given this standard, Plaintiffs are able to articulate enough facts to meet their burden under 12(b)(6). However, given that they concede that there is no case against DCI and fail to establish subject matter jurisdiction, this case is properly dismissed. The Court also need not address Defendant's Motion under Rule 41(b). The Court finds dismissal with prejudice warranted for lack of subject matter jurisdiction. Xaros v. U.S. Fidelity & Guar. Co., 820 F.2d 1176 (11th Cir. 1987) (upholding dismissal of action with prejudice for failure of plaintiffs to establish subject matter jurisdiction).

Ltd. as a party defendant, Plaintiffs' actions cannot proceed.  As a result, continued litigation of this matter in this district would be futile." (Plaintiffs' Response, p. 6).  Plaintiffs' sole response to the arguments in the Motion to Dismiss is that the addition of the claim of extrajudicial killing was proper.  Therefore, it appears that, given Plaintiffs' concession and failure to respond to the arguments, the instant case against Drummond Company must be dismissed.  Upon that dismissal, transfer would not be appropriate. See e.g. Hollyanne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 (Fed. Cir. 1999)  (indicating that transfer "is not proper when combined with a dismissal."). Transfer prior to the dismissal would also not be appropriate as Plaintiffs have already conceded that DCI should be dismissed from the case.

Transfer of the action against LTD, which the Plaintiffs are requesting, would also not be proper (absent an adverse ruling from the Eleventh Circuit reversing the finding that personal jurisdiction is lacking).  This Court dismissed Defendant LTD for lack of personal jurisdiction previously.  Transfer could have been affected at the time the Court found a lack of personal jurisdiction.  See e.g. Hollyanne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 (indicating that transfer is appropriate when venue was improper because a lack of personal jurisdiction) (Fed. Cir. 1999). However, at that time, Plaintiff did not request transfer.  As the case against LTD has already been dismissed, the action against them cannot be transferred. Id. (indicating that transfer "is not proper when combined with a dismissal."); Subsalve USA Corp. v. Watson Mfg., Inc., 462 F.3d 41, 43 (1st Cir. 2006) (indicating that 28 U.S.C. § 1631 provides a court lacking jurisdiction with a choice between transfer and dismissal; "[a] dismissed action is a nullity, therefore a transfer would have to occur at the time that the lack of jurisdiction is found) (citing Britell v. United States, 318 F.3d 70, 72-76 (1st Cir. 2003); Capital Bank Int'l Ltd. v. Citigroup, Inc., 276 F. Supp.

5

2d 72, 79 (D.D.C. 2003); Enter. Rent-A-Car Co. v. Stowell, 137 F. Supp. 2d 1151, 1159 (E.D.Mo.2001)).

Plaintiffs point to Meterlogic, Inc. v. Copier Solutions, Inc. to argue that the circumstances are similar and, in that action, transfer was granted. However, the circumstances were not similar in Meterlogic. That case involved a suit brought against two corporate defendants and three corporate parents. Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp. 2d 1292, 1294 (S.D. Fla. 2002). The corporate parents were dismissed, but in the instant action, the corporate parent, DCI, remains. Id. at 1295. The plaintiffs in Meterlogic then learned that the remaining defendants were insolvent. Id. After a initial denial of transfer to Missouri, where the corporate parents were incorporated, the plaintiffs moved again to transfer as they presented allegations that the corporate parents were directly involved in the case and were the only avenue by which they could enforce an adverse judgment against the remaining defendants. Id. at 1296-1303. They had also filed sued against the corporate parents in Missouri. Id. at 1302. The Court found transfer warranted as there was a pending action against the parents in Missouri and the action before them would have to be refiled in Missouri to enforce judgment since the remaining defendants were insolvent. Id. However, in the instant case, the corporate parents remain, no agency relationship has been found, and the Plaintiffs themselves have conceded there is no case against them. A similar transfer is not appropriate–there is no concern over consolidating related lawsuits to avoid a duplicate action to enforce judgment.

In the cases relied on by the court in Meterlogic, transfer was appropriate to join all defendants in the appropriate forum. Id. (citing e.g. Milligan Elec. Co. v. Hudson Constr. Co., 886 F. Supp. 845 (N.D. Fla. 1995) (noting that the court granted transfer as it lacked personal

6

jurisdiction over one of the defendants); Fein v. Public Service Coordinated Transport, 165 F. Supp. 370 (E.D. Pa. 1958) (granting transfer so a third party defendant could be joined in a forum where there was personal jurisdiction).  In those cases, the defendant over whom there was personal jurisdiction remained even when the case was transferred to add an additional defendant.  In the instant case, Plaintiffs are asking for transfer of DCI merely so that they may pursue an action against LTD in a forum where there would be personal jurisdiction.  However, Plaintiffs have already conceded that there is no case against DCI and LTD has already been dismissed–therefore, transfer is not appropriate as it was in the aforementioned cases.  Accordingly, dismissal of this action is the logical conclusion.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1.  Defendant Drummond Company, Inc.'s Motion to Dismiss [DE-45] is hereby **GRANTED**.  Plaintiff's Second Amended Complaint is hereby **DISMISSED** with prejudice.

2.  The above-styled action is hereby **DISMISSED** in its entirety.

3.  All other pending motions are denied as moot.

4.  The Clerk shall close this case.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida this 19th day of November, 2007.

*[signature]*
WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
William Wichman, Esq.
Gregory R. Barthelette, Esq.
Brett A. Barfield, Esq.
Martha R. Mora, Esq.